Matter of Quinlan (2020 NY Slip Op 00796)





Matter of Quinlan


2020 NY Slip Op 00796


Decided on January 31, 2020


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ. (Filed Jan. 31, 2020.)


&em;

[*1]MATTER OF CHRISTOPHER G. QUINLAN, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order of censure entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on January 11, 1990, and he maintains an office in Elmira. In October 2017, the Grievance Committee filed a petition alleging against respondent two charges of professional misconduct, including neglecting a client matter, failing to keep a client reasonably informed about a matter, and failing to cooperate in the investigation of the Grievance Committee. Respondent filed an answer denying material allegations of the petition, and this Court appointed a referee to conduct a hearing. Prior to the hearing, however, the parties filed with this Court a joint motion for an order imposing discipline by consent wherein respondent conditionally admits that he has engaged in certain conduct in violation of the Rules of Professional Conduct (22 NYCRR 1200.0). Based on respondent's conditional admissions, the parties request that this Court enter a final order imposing the sanction of public censure.
With respect to charge one of the petition, respondent admits that, in July 2015, he agreed to represent a client who was seeking to exercise a right of first refusal for the purchase of land. Respondent admits that, after his client and the seller entered into a purchase and sale agreement, respondent failed to respond adequately to certain inquiries from the attorney for the seller, and the land was sold to another buyer. Respondent also admits that, after the client terminated respondent's services, respondent failed to deliver the client's file to replacement counsel in a timely manner.
With respect to charge two, respondent admits that, from October 2016 through September 2017, he failed to respond in a timely manner to the Grievance Committee's inquiries and requests for documentation regarding the allegations in charge one.
The joint motion of the parties is governed by 22 NYCRR 1240.8 (a) (5), which provides that, at any time after the Grievance Committee files a petition alleging professional misconduct against an attorney, the parties may jointly request that the Court enter a final order of discipline on consent. Such a motion must include a stipulation of facts, the respondent's conditional admission of acts of professional misconduct and the specific rules or standards of conduct violated, any relevant aggravating and mitigating factors, and an agreed-upon disciplinary sanction (see 22 NYCRR 1240.8 [a] [5] [i]). Upon the filing of such a motion, all proceedings are stayed pending determination of the motion by the Court. If the motion is granted, the Court must issue a decision imposing discipline upon the respondent based on the stipulated facts and as agreed upon in the joint motion. If the Court declines to impose the sanction requested by the parties or otherwise denies the motion, the respondent's conditional admissions are deemed withdrawn and may not be used in the pending proceeding (see 22 NYCRR 1240.8 [a] [5] [iv]).
In this case, we grant the joint motion of the parties and conclude that respondent has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;
rule 1.3 (b)—neglecting a legal matter entrusted to him;
rule 1.4 (a) (3)—failing to keep a client reasonably informed about the status of a matter;
rule 1.4 (a) (4)—failing to comply in a prompt manner with a client's reasonable requests for information;
rule 1.15 (c) (4)—failing to deliver to a client or third person in a prompt manner, as requested by that client or third person, property in his possession that the client or third person is entitled to receive;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
In imposing the sanction requested in the joint motion, we have considered certain aggravating and mitigating factors submitted by the parties, including that respondent has previously received a letter of admonition and a non-disciplinary letter of caution from the [*2]Grievance Committee and that the misconduct herein occurred while respondent was experiencing mental health issues, for which he has successfully sought treatment. Accordingly, we conclude that respondent should be censured.